O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS TULIO MARTINEZ-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>KEVIN MCALEENAN, Acting Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No. 5:18-cv-02592-JGB-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition") and all of the records herein, including the August 23, 2019 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), respondents' objections thereto filed on September 12, 2019, petitioner's partial objections thereto filed on September 12, 2019, and petitioner's response to respondents' objections filed on September 23, 2019. The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts

the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the objections.

At issue in this case is whether the government has met its burden under 8 U.S.C. § 1231(a)(1)(C) to show that petitioner has continued to refuse to cooperate in removal efforts after providing his February 26, 2019 declaration. Diouf v. Mukasey, 542 F.3d 1222, 1231 n.4 (9th Cir. 2008) ("We decline to find in the absence of positive evidence that Diouf continued to refuse to cooperate after July 20. Though an inference of subsequent obstruction may not be unreasonable, it is the burden of the government to document the conduct that extends the removal period under § 1231(a)(1)(C). Given what is at stake for the alien, we believe it inappropriate to allow the [g]overnment to satisfy its burden on inferences alone.") (citation omitted).

Respondents offer Officer Jimeno's supplemental declaration dated February 22, 2019 (which prompted petitioner's February 26, 2019 declaration), as evidence of petitioner's asserted continued non-compliance. Specifically, respondents cite to petitioner's alleged failure to cooperate with ICE by providing to ICE "various categories of information," *i.e.*, the names and contact information of any relatives or co-habitants in the United States, the names and contact information for the schools and churches he attended in Honduras, the types of benefits petitioner may have applied for in the United States, and the identification of any prior identity documents issued to petitioner. See Respondents' Objections at 2 (citing Supp. Jimeno Decl. ¶ 23 (listing information that Officer Jimeno believes *the Honduran Consulate* requests to verify citizenship)). Other than as indicated below, there is no indication in the record as to whether ICE specifically has requested this information from petitioner.

The record reflects that as early as June 18, 2018, petitioner provided some of this information *to ICE* as specifically requested *by ICE* for his I-217 form. See Supp. Jimeno Decl. Ex. 2 (I-217 form indicating that petitioner is not married,

listing the names, ages, and cities where his children reside, the name of the school petitioner attended in Honduras, and information about the only church petitioner attended in Honduras, and indicating that he has no identity documents). As is clear from the record, respondents do not know the specific information the Honduran Consulate requested from petitioner. The only direct evidence of what petitioner has said to the Honduran Consulate is from the Consulate's March 14, 2019 10:34 a.m. email, which states that petitioner cooperated with the questions that were put to him by the Honduran Consulate. (Traverse Ex. A (English translation of email)).

Respondents have not requested an evidentiary hearing, or provided any further evidence of petitioner's alleged non-compliance for the Court's consideration. Once again, the Court finds on the current record the government has not met its burden to show petitioner's continued non-compliance after February 26, 2019, to suspend the removal period under Section 1231(a)(1)(C).

Accordingly, IT IS HEREBY ORDERED that the Petition is granted, respondents shall release petitioner under reasonable conditions of supervision, and Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for petitioner and respondents.

DATED: October 8, 2019

HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE